IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| Octavio Diaz,<br><br>　　　　Plaintiff,<br><br>v.<br><br><br>Fierce Energy Services, LLC and<br>Ralph Carruth<br><br>　　　　Defendants. | Case No. __23-CV-60__<br><br><br>PLAINTIFF DEMANDS<br>TRIAL BY JURY |

## COMPLAINT

Plaintiff, Octavio Diaz ("Plaintiff"), by and through their attorneys, James M. Dore, complain against Fierce Energy Services, LLC ("Defendant" or "Fierce Energy") and Ralph Carruth ("Defendant" or "Ralph Carruth"). Fierce Energy and Ralph Carruth may collectively be referred to as "Defendants". In support of this Complaint, Plaintiff states:

### Introduction

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendants' failure to pay overtime wages owed.

### Parties

2. Plaintiff is a resident of Monahans, Texas; and he was employed by Fierce Energy and Ralph Carruth.

3. Fierce Energy is a business that is located, headquartered, and conducts business in Andrews, Texas.

4.  Ralph Carruth is the President of Fierce Energy, and they are in charge of its employees. On information and belief, Ralph Carruth is a resident of Andrews, Texas.

5.  Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce.

## Jurisdiction And Venue

6.  The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

7.  Venue is proper in the Western District of Texas because all underlying facts and transactions occurred in or about Andrews, Texas.

## Facts Common To All Claims

8.  Fierce Energy is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

9.  Ralph Carruth is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiff's head "boss" at Fierce Energy; (2) they had the power to hire and fire the employees, including Plaintiff; (3) they supervised and controlled Plaintiff's work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

## COUNT I: VIOLATION OF THE FLSA

10. Plaintiff reincorporates by reference Paragraphs 1 through 9, as if set forth in full herein for Paragraph 10.

11. Plaintiff began working at Fierce Energy in or before January 2022 until August 26, 2022.

12. At all times, Plaintiff held the same position at Fierce Energy, they were a general worker. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform general worker duties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

13. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 69 hours per week.

14. Plaintiff was paid their wages on a(n) bi-weekly basis.

15. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

16. Plaintiff's rate of pay was $23.00 per day.

17. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

18. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

19. Defendants did not pay Plaintiff for the work performed during the last two (2) weeks of his employment.

20. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

21. Plaintiff is entitled to recover unpaid minimum and overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $12,216.25 in unpaid minimum and overtime wages; (ii) liquidated damages

of $12,216.25; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit A.

WHEREFORE, Plaintiff Octavio Diaz respectfully requests that the Court enter a judgment in their favor and against Defendants Fierce Energy and Ralph Carruth jointly and severally, for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $12,216.25;

B. An award liquidated damages in an amount equal to at least $12,216.25;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

Octavio Diaz

/s/James M. Dore
By Their Attorney

James M. Dore
Justicia Laboral LLC
6232 N. Pulaski, #300
Chicago, IL 60646
Phone: 773-415-4898
jdore@justicialaboral.com

**PLAINTIFFS DEMAND TRIAL BY JURY**

EXHIBIT A

| Week | Av. Hours/Wk. | Hours Over 40 | Hrly. Wage | MW/Hr. | Unpaid MW | Unpaid OT | FLSA Liquidated |
|---|---|---|---|---|---|---|---|
| 1/2/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 1/9/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 1/16/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 1/23/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 1/30/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 2/6/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 2/13/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 2/20/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 2/27/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 3/6/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 3/13/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 3/20/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 3/27/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 4/3/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 4/10/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 4/17/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 4/24/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 5/1/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 5/8/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 5/15/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 5/22/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 5/29/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 6/5/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 6/12/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 6/19/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 6/26/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 7/3/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 7/10/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 7/17/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 7/24/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 7/31/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 8/7/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 8/14/2022 | 69 | 29 | $23.00 | $7.25 | $0.00 | $333.50 | $333.50 |
| 8/21/2022 | 69 | 29 | $0.00 | $7.25 | $500.25 | $105.13 | $605.38 |
| 8/28/2022 | 69 | 29 | $0.00 | $7.25 | $500.25 | $105.13 | $605.38 |
| TOTALS: | | | | | $1,000.50 | $11,215.75 | $12,216.25 |